IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **JOAN MYERS,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:09-CV-2271-L** |
| | § | |
| | § | |
| **FORD MOTOR CREDIT CO.,** | § | |
| | § | |
| Defendant. | § | |

### <u>MEMORANDUM OPINION AND ORDER</u>

Before the court is Defendant's Motion to Dismiss First Amended Complaint or, Alternatively, for More Definite Statement, filed January 26, 2010. After carefully considering the motion, response, reply, surreply, record, and applicable law, the court **grants in part** and **denies in part** Defendant's Motion to Dismiss First Amended Complaint or, Alternatively, for More Definite Statement.

### I.    Factual and Procedural Background

Plaintiff Joan Myers ("Plaintiff" or "Myers") filed her Original Petition in the 162nd Judicial District Court of Dallas County, Texas, on October 29, 2009. In her original pleading, Plaintiff asserted a claim of breach of contract against Defendant Ford Motor Credit Company ("Defendant" or "Ford"). Ford removed the case to this court on November 30, 2009. Plaintiff's claims arise from the alleged breach of a March 11, 2009 settlement agreement between the parties (the "Settlement Agreement"). The parties' settled dispute arose from legal work performed by Plaintiff for Defendant. In that case, Defendant brought claims against Plaintiff, and she brought counterclaims against Ford.

**Memorandum Opinion and Order – Page 1**

After the case was removed to this court, Plaintiff was granted leave to amend her complaint. She filed the live pleading, her First Amended Complaint (the "Complaint") on January 6, 2010. In the live pleading, Plaintiff asserts claims of breach of contract, and fraud and fraudulent inducement against Defendant. She also seeks attorney's fees and exemplary damages.

Defendant moved to dismiss the Complaint or, in the alternative, for a more definite statement. Since this motion was filed, Plaintiff has sought leave to amend her complaint again. Because Plaintiff's request for leave seeks to add additional claims, but does not substantively change the claims in the Complaint, the court considers the motion to dismiss now and will rule on Plaintiff's motion for leave to amend by separate order.

## II.    Legal Standard

To defeat a motion to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Reliable Consultants, Inc. v. Earle*, 517 F.3d 738, 742 (5th Cir. 2008); *Guidry v. American Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007). A claim meets the plausibility test "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (internal citations omitted). While a complaint need not contain detailed factual allegations, it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555 (citation omitted). The "[f]actual allegations of [a complaint] must be enough to raise a right to relief above the speculative level . . . on the assumption

**Memorandum Opinion and Order – Page 2**

that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (quotation marks, citations, and footnote omitted).

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mutual Auto. Ins. Co.,* 509 F. 3d 673, 675 (5th Cir. 2007); *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F. 3d 464, 467 (5th Cir. 2004); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In ruling on such a motion, the court cannot look beyond the pleadings. *Id.*; *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999), *cert. denied*, 530 U.S. 1229 (2000). The pleadings include the complaint and any documents attached to it. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000). Likewise, "'[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claims.'" *Id.* (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)).

The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid claim when it is viewed in the light most favorable to the plaintiff. *Great Plains Trust Co. v. Morgan Stanley Dean Witter*, 313 F.3d 305, 312 (5th Cir. 2002). While well-pleaded facts of a complaint are to be accepted as true, legal conclusions are not "entitled to the assumption of truth." *Iqbal*, 129 S. Ct. at 1950 (citation omitted). Further, a court is not to strain to find inferences favorable to the plaintiff and is not to accept conclusory allegations, unwarranted deductions, or legal conclusions. *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (citations omitted). The court does not evaluate the plaintiff's likelihood of success; instead, it only determines whether the plaintiff has

pleaded a legally cognizable claim. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004).

Rule 12(e) of the Federal Rules of Civil Procedure allows a party to "move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." In ruling on such a motion, the court must determine whether the complaint "is so excessively vague and ambiguous as to be unintelligible and as to prejudice the defendant seriously in attempting to answer it." *Babcock & Wilcox Co. v. McGriff, Seibels & Williams, Inc.*, 235 F.R.D. 632, 633 (E.D. La. 2006) (quotation and citation omitted). The court should also look to the standards of Rule 8 of the Federal Rules of Civil Procedure, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief" and "a demand for the relief sought . . . ." Fed. R. Civ. P. 8(a)(2)-(3).

## III.    Analysis

Defendant moves to dismiss Plaintiffs' claims pursuant to Rules 9(b) and 12(b)(6) of the Federal Rules of Civil Procedure. It contends that her breach of contract claim fails because she does not point to specific contractual provisions in the Settlement Agreement that she contends have been breached. It further argues that she has failed to assert allegations in support of all the essential elements of a breach of contract claim. Ford further argues that Myers fails to plead her fraud claim with the particularity required by Rule 9(b) and that her allegations are conclusory and vague. In the alternative, Defendant asks the court to require Plaintiff to provide a more definite statement.

A.        **Breach of Contract**

Under Texas law, the essential elements for a breach of contract claim are: (1) the existence of a valid contract; (2) performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach. *Smith Int'l, Inc. v. Egle Group, LLC*, 490 F.3d 380, 387 (5th Cir. 2007).

Defendant argues first that the court may consider the Settlement Agreement when ruling on this motion because Plaintiff refers to it in the Complaint. Next, Defendant contends that Plaintiff has failed to assert a breach of contract claim against it. It argues that Myers fails to identify a specific contractual provision that has been breached. Defendant further argues that a prohibition on providing testimony in a disbarment proceeding is contrary to public policy and that Myers has failed to assert all of the essential elements of a contract claim. Ford requests, in the alternative, that the court order Myers to provide a more definite statement that includes more details about the alleged breach by Defendant and her alleged performance.

Myers responds that her Complaint specifically cites the language she contends that Ford violated. She points to the following provision of the Settlement Agreement:

> Ford Credit is to contact the State Bar and/or Texas Lawyers Commission and inform them that the Parties have resolved their dispute and that Ford Credit will not be seeking any restitution in the disciplinary proceeding and will not seek any resolution by the Bar directly or indirectly related to the subject matter of this suit.

Settlement Agreement 2. Plaintiff contends that Ford violated this provision when it voluntarily submitted two affidavits to the State Bar that concerned the subject matter of the settled lawsuit and that were intended to assist the State Bar in its case against her. With respect to the public policy argument, she notes that Defendant has not cited any case law in support and that Defendant's

counsel represented to her that counsel had consulted with the State Bar about whether the agreement was permissible before it was signed.  Plaintiff further argues that she has alleged that Defendant breached other parts of the Settlement Agreement by failing to give her certain credits against moneys she was to pay to it and by failing to make payments to her.

In reply, Defendant, for the first time, cites legal authority in support of its public policy argument.  It refers to the Texas Disciplinary Rules of Professional Conduct and argues that lawyers have obligations to inform disciplinary authorities of violations of the rules of professional conduct and that lawyers cannot engage in conduct that constitutes obstruction of justice.  It also cites cases from state courts in Indiana, Wisconsin, and Colorado that it contends hold that agreements like the Settlement Agreement violate rules of professional conduct because they interfere with the administration of justice.  Defendant also raises the new argument that Myers's interpretation of the Settlement Agreement fails to give effect to the entire contract and that its only obligation under the agreement was to inform the State Bar that the settlement occurred and that it would not seek resolution or restitution in the Bar proceeding.

While the court would not ordinarily consider new arguments raised for the first time in reply, Plaintiff sought and was granted leave to file a surreply.  Because she has had an opportunity to respond to Defendant's arguments in its reply, the court will consider them.  She contends that the Settlement Agreement did not require that Ford withdraw its State Bar complaint against her or lie about it; she argues that it only required that Defendant no longer participate in the grievance proceeding against her.  She argues that there is no Texas law supporting Defendant's position and that Defendant's arguments about the Texas disciplinary rules are irrelevant or mischaracterize the ethical obligations.  She further argues that the cases cited by Defendant are easily distinguished.

The court has carefully reviewed the Complaint and the parties' arguments.  The court notes first that there is no dispute that Plaintiff has alleged breach of the Settlement Agreement with respect to certain payments Ford is to make to her and to credit Myers for moneys she is to pay. Accordingly, the only issue is whether Plaintiff's claim based upon Defendant's statements to the State Bar state a claim for breach of contract.

The court first considers Defendant's argument that the Settlement Agreement violates public policy.  Defendant cites three disciplinary rules and three cases from other states in support of its argument.  It contends that Rules 8.03 and 8.04(a)(4) and (a)(8) of the Texas Disciplinary Rules of Professional Conduct are violated by the Settlement Agreement.  Rule 8.03 requires a lawyer to report violations of the rules to the appropriate disciplinary authority.  Rule 8.04(a)(4) prohibits the obstruction of justice.  Finally, Rule 8.04(a)(8) requires that a lawyer timely respond and provide information to the Chief Disciplinary Counsel's office or a district grievance committee.  Plaintiff responds that Rule 8.03 does not apply because, at the time the Settlement Agreement was made, Ford had already filed a grievance against her with the State Bar.  She also argues that Rule 8.04 is inapplicable to the facts in this case, which involved the final adjudication of the claims between the parties and Defendant's agreement to not participate in any Bar grievance on the same subject matter.  She cites the federal criminal statute that defines obstruction of justice and contends that there is no corruption or threats relating to this case.  Plaintiff also distinguishes the three cases cited by Defendant from the facts in this case.

The court has reviewed the disciplinary rules, cases, and the parties' arguments.  It determines that the Settlement Agreement does not violate public policy.  The contract does not prohibit Defendant from reporting violations to the State Bar or from providing information.  The

cases cited by Defendant are inapposite because they involve false statements or agreements not to file a grievance. In this case, Ford had already filed a grievance; the Settlement Agreement required only that Defendant inform the State Bar that the dispute had been resolved and that it would not seek resolution from the State Bar on the subject matter of the lawsuit. Plaintiff alleges that Defendant violated that agreement. To the extent that this is all the Settlement Agreement required, it does not violate public policy.

Defendant also argues that Plaintiff's interpretation fails to give effect to the entire agreement. It contends that the Settlement Agreement only required it to inform the State Bar of the settlement and inform it that it would not seek resolution in the Bar proceeding. Plaintiff argues that the Settlement Agreement prohibited Defendant from directly or indirectly seeking action against her by the State Bar on the subject matter of the parties' settled lawsuit.

The court has reviewed the Settlement Agreement and finds that Defendant's interpretation of the provision at issue is not reasonable. On its face, the Settlement Agreement requires that Defendant inform the State Bar that it would not "seek any resolution by the Bar directly or indirectly related to the subject matter of this suit." Settlement Agreement 2. This provision is without meaning, however, if the contract does not also prohibit Ford from doing what it informed the State Bar it would not do. The court therefore agrees with Plaintiff and holds that the Settlement Agreement also prohibited Ford from seeking resolution from the Bar. Moreover, Plaintiff has alleged that Defendant continued to seek resolution from the Bar by voluntarily submitting two affidavits related to the subject matter of the settled lawsuit.

The court next considers Defendant's argument that Plaintiff's claim is not sufficiently specific and that she should be required to provide a more definite statement. It argues that she has

**Memorandum Opinion and Order – Page 8**

failed to allege that she performed under the contract, which is an essential element of a contract claim. The court has reviewed the Complaint carefully and finds that Defendant's contentions are without merit. Plaintiff does allege that she has performed under the Settlement Agreement. Compl. ¶ 7. She also makes reference to specific terms of the Settlement Agreement that she contends have been breached by Defendant *Id.* at ¶¶ 23-25. A more definite statement is not necessary because the Complaint complies with Rule 8 of the Federal Rules of Civil Procedure. Plaintiff has alleged that Defendant breached the contract in several ways. Accordingly, Defendant is not entitled to judgment as a matter of law on this claim.

###### B.    Fraud

Defendant also moves to dismiss Plaintiff's claim for fraud and fraudulent inducement. It contends that this claim fails pursuant to Rules 9(b) and 12(b)(6) of the Federal Rules of Civil Procedure because her allegations are conclusory and because she has failed to specify the alleged fraud with the particularity required. In the alternative, Defendant asks the court to require Plaintiff to provide a more definite statement of her fraud claims.

Plaintiff does not respond to Defendant's argument in her response or her surreply. The court finds therefore that she has abandoned this claim. Plaintiff has therefore failed to state a claim upon which relief can be granted for her fraud and fraudulent inducement claim.

### IV.    Conclusion

For the foregoing reasons, the court **grants in part** and **denies in part** Defendant's Motion to Dismiss First Amended Complaint or, Alternatively, for More Definite Statement. The court **grants** the motion with respect to Plaintiff's fraud and fraudulent inducement claim and **denies** it

with respect to her breach of contract claim.  The court **dismisses** Plaintiff's fraud and fraudulent inducement claim **with prejudice**.

      **It is so ordered** this 2nd day of June, 2010.


                                     Sam A. Lindsay
                                   United States District Judge