IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **JOAN MYERS**, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:09-CV-2271-L** |
| | § | |
| | § | |
| **FORD MOTOR CREDIT CO.**, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Plaintiff's Motion for Reconsideration of Dismissal of Fraud and Fraudulent Inducement Claims, filed June 8, 2010. Plaintiff Joan Myers ("Plaintiff" or "Myers") moves for reconsideration of the court's June 2, 2010 memorandum opinion and order dismissing her fraud and fraudulent inducement claims on the grounds that no response to Defendant Ford Motor Credit Co.'s ("Defendant" or "Ford") motion to dismiss had been filed.

### I.     Motion to Reconsider

The court has reviewed the file and agrees that reconsideration is warranted. In ruling on the motion to dismiss, the court relied upon the courtesy copy of Plaintiff's response to the motion to dismiss that was filed on December 28, 2009 (doc. 5), and not on Plaintiff's response to the second motion to dismiss, filed February 15, 2010 (doc.14), of which the court did not receive a courtesy copy. The court's conclusion that she abandoned her fraud and fraudulent inducement claim by failing to respond to Defendant's motion regarding this claim was therefore an error. Accordingly, the court **grants** Plaintiff's Motion for Reconsideration of Dismissal of Fraud and Fraudulent Inducement Claims. The court hereby **vacates** section III(B) of its June 2, 2010

**Memorandum Opinion and Order – Page 1**

memorandum opinion and order and its dismissal with prejudice of Plaintiff's fraud and fraudulent inducement claim. Because the issue has been fully briefed, the court now considers Defendant's motion with respect to Plaintiff's fraud and fraudulent inducement claim. The court, rather than repeating them, hereby incorporates the legal standard and background sections of its June 2, 2010 memorandum opinion and order.

## II.     Motion to Dismiss Fraud and Fraudulent Inducement Claim

Defendant moves to dismiss Plaintiff's claim for fraud and fraudulent inducement. It contends that this claim fails pursuant to Rules 9(b) and 12(b)(6) of the Federal Rules of Civil Procedure because her allegations are conclusory and because she has failed to specify the alleged fraud with the required particularity. In the alternative, Defendant asks the court to require Plaintiff to provide a more definite statement of her fraud claims.

Plaintiff responds that she has met the standards for pleading a fraud claim. She contends that she has identified the misrepresentations made by Ford, when they were made, who made them, and who is responsible for them. She argues that she also has identified a specific e-mail in which Ford's counsel made a false statement and that her Complaint asserts the basis for her claim that the misrepresentations and omissions were knowing. She contends that she has identified how she relied on the misrepresentations and omissions and how she was damaged.

Under Texas law, to prove a claim for fraud, a plaintiff must prove: (1) that the defendant made a material representation that was false; (2) that the defendant knew that the representation was false or made recklessly as a positive assertion without any knowledge of its truth; (3) that the defendant intended to induce the plaintiff to act upon the representation; and (4) that the plaintiff justifiably relied upon the representation and therefore suffered injury. *Ernst & Young, L.L.P. v.*

*Pacific Mut. Life Ins. Co.*, 51 S.W.3d 573, 577 (Tex. 2001). Rule 9(b) of the Federal Rules of Civil Procedure requires "a plaintiff pleading fraud to specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Herrmann Holdings Ltd. v. Lucent Techs. Inc.,* 302 F.3d 552, 564-65 (5th Cir. 2002) (quotations omitted).

The court has carefully reviewed the parties' arguments, the legal standard, and Plaintiff's First Amended Complaint. The court determines that Plaintiff's allegations are not conclusory and are specific enough to comply with Rule 9(b). Plaintiff identifies several alleged misrepresentations, when they were made, and by whom. She pleads that these misrepresentations led her to settle her case with Ford and agree to make a $300,000 cash payment to it. The court finds that Plaintiff has therefore stated a claim upon which relief can be granted for fraud and fraudulent inducement and that a more definite statement is unnecessary. Development of additional facts may be obtained through discovery.

## III.  Conclusion

For the foregoing reasons, the court **grants** Plaintiff's Motion for Reconsideration of Dismissal of Fraud and Fraudulent Inducement Claims**.** The court **vacates** section III(B) of its June 2, 2010 memorandum opinion and order and its dismissal with prejudice of Plaintiff's fraud and fraudulent inducement claim. In light of this memorandum opinion and order, the court also **vacates** its decision granting in part and denying in part Defendant's Motion to Dismiss First Amended Complaint or, Alternatively, for More Definite Statement. Because Plaintiff has stated claims for both breach of contract and fraud and fraudulent inducement, the court **denies** Defendant's Motion to Dismiss First Amended Complaint or, Alternatively, for More Definite Statement in its entirety.

**It is so ordered** this 9th day of June, 2010.

                                        Sam A. Lindsay
                                        United States District Judge