IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **JOAN MYERS,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:09-CV-2271-L** |
| | § | |
| | § | |
| **FORD MOTOR CREDIT CO.**, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Plaintiff's Motion for Leave to File Second Amended Complaint, filed May 3, 2010. Defendant opposes the motion. After carefully considering the motion, response, reply, record, and applicable law, the court **denies** Plaintiff's Motion for Leave to File Second Amended Complaint.

### I.  Factual and Procedural Background

Plaintiff Joan Myers ("Plaintiff" or "Myers") filed her Original Petition in the 162nd Judicial District Court of Dallas County, Texas, on October 29, 2009. In her original pleading, Plaintiff asserted a claim of breach of contract against Defendant Ford Motor Credit Company ("Defendant" or "Ford"). Ford removed the case to this court on November 30, 2009. Plaintiff's claims arise from the alleged breach of a March 11, 2009 settlement agreement between the parties (the "Settlement Agreement"). The parties' settled dispute arose from legal work performed by Plaintiff for Defendant. In that case, Defendant brought claims against Plaintiff, and she brought counterclaims against Ford.

After the case was removed to this court, Plaintiff was granted leave to amend her complaint. She filed the live pleading, her First Amended Complaint (the "Complaint") on January 6, 2010. In the live pleading, Plaintiff asserts claims of breach of contract, and fraud and fraudulent inducement against Defendant. She also seeks attorney's fees and exemplary damages. Defendant moved to dismiss Plaintiff's Complaint, but the court denied its motion.

Plaintiff now seeks to add a claim for negligence and gross negligence concerning collection of judgments. Specifically, she contends that pursuant to the parties' Settlement Agreement, she is entitled to a percentage of collections on nearly 5,000 judgments. She alleges that collections are falling short of expectations and that Ford is not effectively managing the collections, for which she is entitled a share. She alleges that Ford owes her an "enhanced duty of care" that is "in the nature of a fiduciary duty." She seeks exemplary damages for this claim. Defendant opposes her proposed amendment and contends that amendment is futile because her proposed claims are not causes of action under Texas law.

## II.   Legal Standard

Based on the procedural history of this case and Rule 15 of the Federal Rules of Civil Procedure, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Although Rule 15(a)(2) evinces a bias in favor of granting leave to amend, such leave is not automatic. In deciding whether to allow amendment, a district court may consider such factors as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment." *Price v. Pinnacle Brands, Inc.*, 138 F.3d 602, 608 (5th Cir. 1998); *see also Foman*

*v. Davis*, 371 U.S. 178, 182 (1962). A motion for leave should not be denied "unless there is a substantial reason to do so." *Leffall v. Dallas Indep. Sch. Dist.*, 28 F.3d 521, 524 (5th Cir. 1994); *Jacobsen v. Osborne*, 133 F.3d 315, 318 (5th Cir. 1998).

### III. Analysis

Myers seeks leave to add a claim for "negligence and gross negligence concerning collection of judgments." She contends that Defendant will not be unfairly prejudiced by her amendment because of the early stage of this litigation and that there is no substantial reason to deny leave to amend. She alleges that pursuant to the parties' Settlement Agreement Ford was required to give her a percentage of collections on approximately 5,000 judgments. She contends that collections are falling short and that Ford has failed to work the collections docket properly. Myers alleges that Ford has an "enhanced duty of care" to her with respect to its collection efforts and that it has breached this duty to her.

Ford responds that Myers's proposed amendments are futile and therefore leave to amend should be denied. It contends that Texas law does not recognize a claim of negligent breach of contract and that Plaintiff's proposed claims are attempts to recast her breach of contract claim as a tort claim. Ford also argues that it owes no fiduciary duty to her.

Myers replies that her proposed claims are sufficiently distinct from her breach of contract claims to plead a separate tort claim. She argues that Ford voluntarily undertook an affirmative course of action for her benefit, which places upon it certain duties of care. She contends that the damages she seeks under these proposed claims are different from the damages she seeks from her breach of contract claim. She also argues that Ford owes her an enhanced duty to make reasonable efforts to collect on the judgments in which she has an interest.

**Memorandum Opinion and Order – Page 3**

In *Southwestern Bell Telephone Co. v. DeLanney*, 809 S.W.2d 493 (Tex. 1991), the Texas Supreme Court provided guidance to determine whether a plaintiff may recover on a tort theory when there is a contractual relationship between the parties. The court held:

> If the defendant's conduct – such as negligently burning down a house – would give rise to liability independent of the fact that a contract exists between the parties, the plaintiff's claim may also sound in tort. Conversely, if the defendant's conduct – such as failing to publish an advertisement– would give rise to liability only because it breaches the parties' agreement, the plaintiff's claim ordinarily sounds only in contract.
>
> In determining whether the plaintiff may recover on a tort theory, it is also instructive to examine the nature of the plaintiff's loss. When the only loss or damage is to the subject matter of the contract, the plaintiff's action is ordinarily on the contract.

*Id*. at 494 (footnote and citations omitted).

Plaintiff contends that her breach of contract claim seeks damages resulting from Ford's submission of affidavits to the State Bar and its counsel's participation in a grievance proceeding against her. She contends that her negligence claim seeks damages "from the unusually low rate of collection . . . on the judgments in which Plaintiff has an interest." Pl.'s Reply 4.

Defendant argues that it was under no duty to Myers and contends that her claim that an enhanced duty applied to their relationship also fails under Texas law. Ford contends that a fiduciary duty is not imposed lightly and that there is no special relationship between it and Myers. Myers cites *Texas Bank and Trust Co. v. Moore*, 595 S.W.2d 502 (Tex. 1980), and contends that Ford took on a duty to act in good faith. She also cites *Kinzbach Tool Co. v. Corbett-Wallace Corp.*, 160 S.W.2d 509 (Tex. 1942).

The court has carefully reviewed Plaintiff's proposed amended pleading and the applicable law. It determines that Plaintiff's negligent collection claim is not a separate tort claim. Her alleged damages are her percentage of the judgments to be collected; this is a loss that is the subject matter of the contract. She has not identified any independent duty owed to her beyond Ford's obligations under the Settlement Agreement. The cases she cites distinguish between duties imposed by law "rather than legal obligations." *Texas Bank and Trust*, 595 S.W.2d at 507. Defendant's duties to Plaintiff arise from a specific legal obligation, the Settlement Agreement. Myers may be able to plead additional bases for her breach of contract claim, but these facts do not state a claim upon which a separate tort claim can be pleaded. Accordingly, the court agrees with Defendant and finds that Plaintiff's proposed tort claim for negligence and gross negligence concerning collection of judgments would be futile. Leave to amend should not be granted.

## IV.  Conclusion

For the reasons stated herein, the court **denies** Plaintiff's Motion for Leave to File Second Amended Complaint.

**It is so ordered** this 8th day of July, 2010.

Sam A. Lindsay
United States District Judge